**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1588**

MFI-DPLH, LLC,

        Plaintiff - Appellee,

    v.

JESSE HENRY INGRAM; INGRAM & ASSOCIATES, LLC; JESSE H.
INGRAM, PLLC; JESSE H. INGRAM & ASSOCIATES, PLLC, a/k/a
Jesse H. Ingram, PLLC,

        Defendants - Appellants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:09-cv-02358-WDQ)

Submitted:  February 29, 2012      Decided:  March 2, 2012

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jesse Henry Ingram, Appellant Pro Se; Damani K. Ingram, INGRAM &
ASSOCIATES, LLC, Columbia, Maryland, for Appellants.  Gary C.
Adler, ROETZEL & ANDRESS, LPA, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Henry Ingram and Ingram & Associates, LLC ("Defendants") appeal the district court's order granting partial summary judgment for MFI-DPLH, LLC ("Plaintiff") on Plaintiff's breach of escrow agreement and negligence claims.[*] On appeal, Defendants' sole argument is that the district court erred by failing to consider certain documents external to Defendants' escrow agreement with Plaintiff before concluding that there was no genuine issue of material fact regarding whether Defendants were bound by the agreement. Finding no error, we affirm.

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for

---

[*] The district court granted Plaintiff's motion to voluntarily dismiss the claims remaining following the partial grant of summary judgment, and the court entered final judgment against Defendants.

summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297.

Ingram asserts that the district court should have considered parol evidence in construing the intent of the parties in entering into the escrow agreement. Generally, parol evidence is admissible only if there is ambiguity in the contract. Thomas v. Cap. Med. Mgmt. Assocs., Inc., 985 A.2d 51, 64 (Md. Ct. Spec. App. 2009); see Higgins v. Barnes, 530 A.2d 724, 726 (Md. 1987) ("[P]arol evidence is inadmissible to vary, alter, or contradict a contract that is complete and unambiguous."). "Ambiguity arises if, to a reasonable person, the language used is susceptible of more than one meaning or is of doubtful meaning." Cochran v. Norkunas, 919 A.2d 700, 710 (Md. 2007). We conclude that, because the agreement between Plaintiff and Defendants was clear and unambiguous, the district court correctly declined to consider evidence extrinsic to the escrow agreement to discern the intent of the parties in entering into the agreement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3